**Myrtle McCOMB, Claimant-Respondent,**

v.

**TAN–TAR–A RESORT and Maryland Casualty Company, Employer and Insurer-Appellants.**

No. 12235.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 16, 1981.

Motion for Rehearing or to Transfer to Supreme Court Overruled
Nov. 30, 1981.

Application to Transfer Denied
Jan. 18, 1982.

---

**1.** The point relied on: "The court erred in overruling defendant's objection to questions posed by the prosecutor regarding the details of a prior incident of sexual intercourse by the defendant with a woman other than his wife."

Thomas E. Loraine and Connie J. Clark, Osage Beach, for claimant-respondent.

Kelly Pool, Hendren & Andrae, Jefferson City, for employer and insurer-appellants.

GREENE, Presiding Judge.

This is an appeal from the Circuit Court of Camden County in a workmen's compensation case. Claimant, Myrtle McComb, was given an award of 100% permanent disability for life from the date of September 4, 1972, by the Labor and Industrial Relations Commission as the result of an incident which occurred on that day, wherein she inadvertently placed her hands in a caustic cleaning solution. The award was affirmed by the trial court.

The only points of claimed error presented here are that the trial court erred in affirming the findings of the commission that 1) claimant suffered a compensable accident within the meaning of the law, and 2) claimant was permanently disabled.

The commission's original award, dated November 13, 1979, found that claimant, on September 4, 1972, sustained an accident within the course and scope of her employment when she "unknowingly placed her hands and forearms in a container of water with a cleaning solution known as Grill Cleaner." The commission further found that the accident caused permanent injury to plaintiff's hands, forearms and other parts of her body; that her injuries were not caused by "pre-disposition or allergic tendency on her part", and that the theory of occupational disease was not relevant in this case, since claimant's post occurrence skin disease was the result of an accident, rather than caused by a condition normally incident to the performance of her job duties.

The commission then remanded the case to the administrative law judge for specific findings on several issues, on the basis of newly discovered evidence, including whether claimant was totally permanently disabled as a result of her condition. The administrative law judge then entered an award which, among other things, found that claimant was temporarily and totally disabled and in need of further medical treatment. All parties requested a review of his findings by the commission. After review, the commission entered a final award, which found claimant to be permanently and totally disabled from the date of September 4, 1972. Employer and insurer appealed the commission award to the Circuit Court of Camden County, which, after hearing oral arguments and receiving briefs, affirmed the final award of the commission.

After a thorough review of the entire record, we hold that the award of the commission finding that claimant sustained an accident within the meaning of the law in the course and scope of her employment, and that the accident caused a disease known as contact dermatitis and such disease resulted in permanent total disability from the date of September 4, 1972, is supported by substantial and competent evi-

dence, the trial court was correct in so finding, and that no error of law appears on the face of the record. An extended opinion would have no precedential value. Rule 84.16(b).

The final award of the Labor and Industrial Commission, and the judgment of the trial court are affirmed.